

1  KAREN P. HEWITT
   United States Attorney
2  JOSEPH J.M. ORABONA
   Assistant United States Attorney
3  California State Bar No. 223317
   United States Attorney's Office
4  Federal Office Building
   880 Front Street, Room 6293
5  San Diego, California 92101
   Telephone: (619) 557-7736
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

8

9              UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA  07CR3034-L

11  UNITED STATES OF AMERICA,      )    Magistrate Case No. 07MJ2489
                                   )
12                   Plaintiff,    )
                                   )    **STIPULATION OF FACT AND JOINT**
13          v.                     )    **MOTION FOR RELEASE OF**
                                   )    **MATERIAL WITNESS(ES) AND**
14  CASEY MICHAEL WIDMAN,          )    **ORDER THEREON**
                                   )
15                   Defendant.    )
                                   )    **(Pre-Indictment Fast-Track Program)**
16  ─────────────────────────────

17      **IT IS HEREBY STIPULATED AND AGREED** between the plaintiff, UNITED STATES

18  OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph

19  J.M. Orabona, Assistant United States Attorney, and defendant CASEY MICHAEL WIDMAN, by

20  and through and with the advice and consent of defense counsel, Scott Practor, that:

21      1.      Defendant agrees to execute this stipulation on or before the first preliminary hearing

22  date and to participate in a full and complete inquiry by the Court into whether defendant knowingly,

23  intelligently and voluntarily entered into it. Defendant agrees further to waive indictment and plead

24  guilty to the pre-indictment information charging defendant with a non-mandatory minimum count

25  of Bringing in Aliens Without Presentation and Aiding and Abetting, in violation of 8 U.S.C.

26  § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2.

27  //

28  JJO:jam:10/29/07

1      2.    Defendant acknowledges receipt of a plea agreement in this case and agrees to

2 provide the signed, original plea agreement to the Government not later than five business days

3 before the disposition date set by the Court.

4      3.    Defendant agrees to plead guilty to the charge pursuant to the plea agreement on or

5 before **November 19, 2007.**

6      4.    The material witness, Brenda Aguirre-Ponce, in this case:

7          a.    Is an alien with no lawful right to enter or remain in the United States;

8          b.    Entered or attempted to enter the United States illegally on or about

9 October 17, 2007;

10          c.    Was found in a vehicle driven by defendant at the San Ysidro, California Port

11 of Entry (POE) and that defendant knew or acted in reckless disregard of the fact that she was an

12 alien with no lawful right to enter or remain in the United States;

13          d.    Was having others pay on her behalf an unkown amount of money to others

14 to be brought into the United States illegally and/or transported illegally to her destination therein;

15 and,

16          e.    May be released and remanded immediately to the Department of Homeland

17 Security for return to her country of origin.

18      5.    After the material witnesses are ordered released by the Court pursuant to this

19 stipulation and joint motion, if defendant does not plead guilty to the charge set forth above, for any

20 reason, or thereafter withdraws his guilty plea to that charge, defendant agrees that in any proceeding,

21 including, but not limited to, motion hearings, trial, sentencing, appeal or collateral attack, that:

22          a.    The stipulated facts set forth in paragraph 4 above shall be admitted as

23 substantive evidence;

24          b.    The United States may elicit hearsay testimony from arresting agents

25 regarding any statements made by the material witness(es) provided in discovery, and such testimony

26 shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest

27 of (an) unavailable witness(es); and,

28
Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Casey Michael Widman            2                    07MJ2489

1      c.    Understanding that under <u>Crawford v. Washington</u>, 124 S. Ct. 1354 (2004),

2 "testimonial" hearsay statements are not admissible against a defendant unless defendant confronted

3 and cross-examined the witness(es) who made the "testimonial" hearsay statements, defendant

4 waives the right to confront and cross-examine the material witness(es) in this case.

5     6.    By signing this stipulation and joint motion, defendant certifies that defendant has

6 read it (or that it has been read to defendant in defendant's native language). Defendant certifies

7 further that defendant has discussed the terms of this stipulation and joint motion with defense

8 counsel and fully understands its meaning and effect.

9     Based on the foregoing, the parties jointly move the stipulation into evidence and for the

10 immediate release and remand of the above-named material witness(es) to the Department of

11 Homeland Security for return to her country of origin.

12     It is STIPULATED AND AGREED this date.

13                  Respectfully submitted,

14                  KAREN P. HEWITT
15                  United States Attorney

16 Dated: 11/8/07

17                  JOSEPH J.M. ORABONA
                  Assistant United States Attorney

18
19 Dated: 11/5/7

                 SCOTT PRACTOR
20                  Defense Counsel for Casey Michael Widman

21 Dated: 11-5-07

22                  CASEY MICHAEL WIDMAN
                  Defendant

23
24
25
26
27
28 Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Casey Michael Widman      3           07MJ2489

1                                    O R D E R

2          Upon joint application and motion of the parties, and for good cause shown,

3          **THE STIPULATION** is admitted into evidence, and,

4          **IT IS ORDERED** that the above-named material witness(es) be released and remanded

5    forthwith to the Department of Homeland Security for return to her country of origin.

6          **SO ORDERED.**

7

8          Dated: _____.
                                                    _____
9                                                   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Stipulation of Fact and Joint Motion for Release of
     Material Witness(es) And Order Thereon in
     United States v. Casey Michael Widman            4                        07MJ2489

1

## ORDER

2      Upon joint application and motion of the parties, and for good cause shown,

3      **THE STIPULATION** is admitted into evidence, and,

4      **IT IS SO ORDERED** that the above-named material witness(es) be released and remanded

5  forthwith to the Department of Homeland Security for return to his country of origin

6      **SO ORDERED**.

7      Dated: __11/8/07__.                         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v.  Casey Michael Widman (1)

4

07mj2489